UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:24-cv-02292-RBD-EJK

ROSE SAVAIINAEA,

    Plaintiff,

vs.

FARMERS CASUALTY INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGRADING THE DEPOSITION OF DYLAN SNYDER

COMES NOW the Plaintiff, ROSE SAVAIINAEA, by and through the undersigned attorney, hereby moves for protective order as to the deposition of consulting expert, DYLAN SNYDER, and in support thereof states as follows:

1. This case arises out of a claim for storm damage to property located at 10102 Mason Dixon Circle, Orlando, Florida 32821.

2. Defendant has requested the deposition of Dylan Snyder, to take place in May or June of 2025, over the objection of Plaintiff.

3. Dylan Snyder is a consulting expert retained on behalf of Plaintiff before suit was filed in anticipation of litigation. Dylan Snyder will not be called as an expert witness, or a witness of any kind, at trial.

4. Florida Rule of Civil Procedure 1.280(b)(5)(B) clearly states that a party may discover facts or opinions held by such experts only as provided in Rule 1.360(b) or "upon a

1

showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

5. Accordingly, an expert witness that is not expected to testify at trial may not be deposed except upon such a showing of exceptional circumstances; this is true even if the witness is disclosed as an expert witness for trial, but is later withdrawn from a party's trial witness list. *Rocca v. Rones*, 125 So. 3d 370, 372 (Fla. 3d DCA 2013).

6. Not only are the facts and opinions of non-testifying experts protected from discovery, but Florida courts have consistently held that even the identities of non-testifying experts are also not discoverable without a showing of exceptional circumstances. *Muldrow v. State*, 787 So.2d 159, 160 (Fla. 2d DCA 2001) (in civil commitment proceeding against criminal defendant, "insofar as the circuit court's order [compelled the defendant] to divulge the names of experts consulted for trial but not intended to be called to testify at trial, it must be quashed"); *Lift Systems, Inc. v. Costco Wholesale Corp.*, 636 So.2d 569 (Fla. 3d DCA 1994); *Ruiz by & through Ruiz v. Brea*, 489 So.2d 1136 (Fla. 3d DCA 1986); *ITD Industries, Inc. v. Morrell*, 459 So.2d 1163 (Fla. 2d DCA 1984).

7. On or about September 9, 2024, Plaintiff produced to Defendant an estimate from Mr. Snyder, attached to Plaintiff's Property Insurance Notice of Intent to Initiate Litigation ("NOITL"); on or about January 31, 2025, Plaintiff served her Rule 26 Disclosures on Defendant, where Mr. Snyder was listed as a consulting estimator, which prompted Defendant to request his deposition. Defendant was informed at that time, and again on or about February 17, 2025, that he was a consulting expert only. Disclosure of the estimate prepared by Mr. Snyder results only in a limited waiver as to the report itself. It does not result in a waiver of the work product privilege for all documents, facts, opinions, or other information held by or known to Mr. Snyder. See *Teachers Ins. Co. v. Loeb*, 75 So 3d. 355 (Fla. 1st DCA 2011) (disclosure during testimony of confidential communication creates a limited waiver as to

specific information disclosed, and reversible error to find waiver of all privileged or protected information); see also *Morgan v. Tracy*, 604 So. 2d 15 (Fla. 4th DCA 1992) (work product protection was not waived by disclosure of expert's written report and initial listing of expert on trial witness list).

8. Even disclosing an expert in expert witness interrogatories does not waive the privilege. In *Bailey v. Miami-Dade Co.*, prior to filing the action against the Defendant, Plaintiff retained a doctor to review the medical negligence claim against a hospital, and prepare a pre-suit affidavit. 186 So. 3d 1044, 1044-1045 (Fla. 3d DCA 2015). The pre-suit affidavit was produced to the Defendant and in response to expert witness interrogatories, Plaintiff disclosed the doctor's name and status as an expert to testify "as to all matters relating to liability including standard of care, breach and causation" and objected to the pre-suit affidavit as privileged. *Id.* at 1045. After a trial order was issued, Plaintiff submitted his expert disclosure list. *Id.* Plaintiff did not list the doctor's name even though the doctor's name was listed on Plaintiff's answers to expert interrogatories, as an expert who would testify at trial. *Id.* Defendant then sought the doctor's deposition and Plaintiff moved for protective order. The trial court denied the protective order, and the appellate court held that "the trial court's denial of Plaintiff's motion for protective order was a departure from the essential requirements of law." *Id.* at 1045-1046.

9. Permitting the deposition of Plaintiff's consulting expert will cause Plaintiff irreparable material harm which cannot be cured on appeal. *Paton v. Geico Gen. Ins. Co.*, 190 So. 3d 1047 (Fla. 2016); *Old Republic Nat'l Title Ins. Co. v. Home Am. Credit, Inc*, 844 So.2d 818 (Fla. 5th DCA 2003).

10. Courts may grant protective orders to preclude discovery or otherwise limit how discovery may be had to protect a party from annoyance, embarrassment, oppressions, or undue

burden or expense as justice requires. Fla. R. Civ. P. 1.280(c).

11. For the foregoing reasons, good cause exists to prohibit the deposition of Plaintiff's consulting expert, Dylan Snyder.

12. This Motion is made in good faith and not for purposes of delay.

## CERTIFICATE OF GOOD FAITH

The undersigned certifies that she, in good faith, conferred with the opposing counsel via email on February 17, 2025, and February 21, 2025 in an effort to resolve the issues raised herein.

WHEREFORE, Plaintiff, ROSE SAVAIINAEA, respectfully requests this Court issue a protective order prohibiting the deposition of Plaintiff's consulting expert; and such further relief as deemed just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF on this 24th day of February, 2025.

> */s/ Joy E. Sandon*
> JOY E. SANDON, ESQ.
> Florida Bar No. 1018952
> **Serrano Cagan & Cagan**
> 2300 Maitland Center Pkwy. Ste 106
> Maitland, Florida 32751
> Phone No.: (877)4SCC-LAW
> Service: service@serranocagan.com
> Primary:jsandon@serranocagan.com
> Attorney for Plaintiff

## SERVICE LIST

Matthew J. Lavisky, Esq.
Emanuel I. Flaquer, Esq.
Butler Weihmuller Katz Craig LLP
400 N. Ashley Drive
Suite 2300

4

Tampa, FL 33601
mlavisky@butler.legal
eflaquer@butler.legal
dbittner@butler.legal